EXHIBIT-N

Posch, Pamela A. (USPC)
---

**From:** Posch, Pamela A. (USPC)
**Sent:** Friday, December 17, 2004 12:19 PM
**To:** 'Gray, Michael'
**Subject:** RE: Boling, Oliver

I did not receive a copy of the I-24.  Do you know if it was sent to me?
Thanks,

Pamela A. Posch
Assistant General Counsel
U.S. Parole Commission
301-492-5959

-----Original Message-----
From: Gray, Michael
Sent: Wednesday, December 15, 2004 5:34 PM
To: Posch, Pamela A. (USPC)
Subject: RE: Boling, Oliver


I have pulled it from his central file and will have my secretary fax a
copy
of it in the morning.


Mike


>>> Pamela Posch 12/15/2004 4:25:07 PM >>>
The form that I need is the I-24 parole application in regard to his
November
30, 2004.  I know that he did not appear for the hearing but if he
completed
the I-24 form there is a box where he signs waiving parole.  I only need
this
form from this most recent hearing.  (I am not interested in any earlier
I-24
forms that he might have completed for past hearings.)  If he did not
complete
the I-24 form in connection with this hearing, can you have him complete
it
now before he leaves?  If that is not possible or if he refuses, please
note
it on the I-24.

My fax number is (301) 492-5563.

Thank you,

Pamela A. Posch
Assistant General Counsel
U.S. Parole Commission
301-492-5959, ext. 239

-----Original Message-----
From: Gray, Michael
Sent: Wednesday, December 15, 2004 4:46 PM
To: Posch, Pamela A. (USPC)
Subject: Boling, Oliver

Is the I-29 all you need?  He transfers in the morning to USP Lewisburg

FILED

AUG 3 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

05 1732

RELEVANT U.S. COMMISSION RULES AND REGULATIONS

EXHIBITS - 28-C.F.R.

28 C.F.R.

    2.28 (f)
    2.30
    2.55 (g)
    2.71 (c)
    2.75 (c)

    I- 24 "FORM".

**§ 2.29**  **28 F**

**28 CFR Ch. I (7-1-04 Edition)**

(f) *New adverse information.* Upon receipt of new and significant adverse information that is not covered by paragraphs (a) through (e) of this section, a Commissioner may refer the case to the National Commissioners with his recommendation and vote to schedule the case for a special reconsideration hearing. Such referral shall automatically retard the prisoner's scheduled release date until a final decision is reached in the case. The decision to schedule a case for a special reconsideration hearing shall be based on the concurrence of two Commissioner votes, including the vote of the referring Commissioner. The hearing shall be conducted in accordance with the procedures set forth in §§ 2.12 and 2.13. The entry of a new order following such hearing shall void the previously established release date.

[44 FR 3406, Jan. 16, 1979, as amended at 46 FR 36138, July 14, 1981; 49 FR 44098, Nov. 2, 1984; 61 FR 55743, Oct. 29, 1996; 68 FR 41529, July 14, 2003]

### § 2.29  Release on parole.

(a) A grant of parole shall not be deemed to be operative until a certificate of parole has been delivered to the prisoner.

(b) An effective date of parole shall not be set for a date more than nine months from the date of the hearing. Residence in a community corrections center as part of a parole release plan generally shall not exceed one hundred and twenty days.

(c) When an effective date of parole falls on a Saturday, Sunday, or legal holiday, the Warden of the appropriate institution shall be authorized to release the prisoner on the first working day preceding such date.

[42 FR 39809, Aug. 5, 1977, as amended at 44 FR 3407, Jan. 16, 1979; 60 FR 51350, Oct. 2, 1995; 68 FR 41530, July 14, 2003]

### § 2.30  False information or new criminal conduct: Discovery after release.

If evidence comes to the attention of the Commission after a prisoner's release that such prisoner has willfully provided false information or misrepresented information deemed significant to his application for parole or has engaged in any criminal conduct during the current sentence prior to the delivery of the parole certificate, the Regional Commissioner may reopen the case pursuant to the procedures of § 2.28(f) and order the prisoner summoned or retaken for hearing pursuant to the procedures of §§ 2.49 and 2.50, as applicable, to determine whether the order of parole should be cancelled.

[47 FR 36635, Aug. 23, 1982]

### § 2.31  Parole to detainers: Statement of policy.

(a) Where a detainer is lodged against a prisoner, the Commission may grant parole if the prisoner in other respects meets the criteria set forth in § 2.18. The presence of a detainer is not in itself a valid reason for the denial of parole.

(b) The Commission will cooperate in working out arrangements for concurrent supervision with other jurisdictions where it is feasible and where release on parole appears to be justified.

### § 2.32  Parole to local or immigration detainers.

(a) When a State or local detainer is outstanding against a prisoner whom the Commission wishes to parole, the Commission may order either of the following:

(1) Parole to the actual physical custody of the detaining authorities only. In this event, release is not to be effected except to the detainer. When such a detainer is withdrawn, the prisoner is not to be released unless and until the Commission makes a new order of parole.

(2) Parole to the actual physical custody of the detaining authorities or an approved plan. In this event, release is to be effected to the community if detaining officials withdraw the detainer or make no effort to assume custody of the prisoner, providing there is an acceptable plan for community supervision.

(b) When the Commission wishes to parole a prisoner subject to a detainer filed by Federal immigration officials, the Commission shall order the following: Parole to the actual physical custody of the immigration authorities or an approved plan. In this event, release is to be effected regardless of whether immigration officials take the

134

## § 2.54

**§ 2.54 Reviews pursuant to 18 U.S.C. 4215(c).**

The Attorney General, within thirty days after entry of a Regional Commissioner's decision, may request in writing that the National Appeals Board review such decision. Within sixty days of the receipt of the request the National Appeals Board shall, upon the concurrence of two members, affirm, modify, or reverse the decision, or order a rehearing at the institutional or regional level. The Attorney General and the prisoner affected shall be informed in writing of the decision, and the reasons therefor.

[42 FR 39821, Aug. 5, 1977, as amended at 43 FR 17470, Apr. 25, 1978; 44 FR 3408, Jan. 16, 1979]

**§ 2.55 Disclosure of file prior to parole hearing.**

(a) *Processing disclosure requests.* At least 60 days prior to a hearing scheduled pursuant to 28 CFR 2.12 or 2.14 each prisoner shall be given notice of his right to request *disclosure* of the reports and other documents to be used by the Commission in making its determination.

(1) The Commission's file consists mainly of documents provided by the Bureau of Prisons. Therefore, disclosure of documents used by the Commission can normally be accomplished by disclosure of documents in a prisoner's institutional file. Requests for disclosure of a prisoner's institutional file will be handled under the Bureau of Prison's disclosure regulations. The Bureau of Prisons has 15 days from date of receipt of a disclosure request to respond to that request.

(2) A prisoner may also request disclosure of documents used by the Commission which are contained in the Commission's regional office file but not in the prisoner's institutional file.

(3) Upon the prisoner's request, a representative shall be given access to the presentence investigation report reasonably in advance of the initial hearing, interim hearing, and a 15-year reconsideration hearing, pursuant and subject to the regulations of the U.S. Bureau of Prisons. Disclosure shall not be permitted with respect to confidential material withheld by the sen-

## 28 CFR Ch. I (7-1-04 Edition)

tencing court under Rule 32(c)(3)(A) F.R.Crim.P.

(b) *Scope of disclosure.* The scope of disclosure under this section is limited to reports and other documents to be used by the Commission in making its determination. At statutory interim hearings conducted pursuant to 28 CFR 2.14 the Commission only considers information concerning significant developments or changes in the prisoner's status since the initial hearing or a prior interim hearing. Therefore, pre-hearing disclosure for interim hearings will be limited to such information.

(c) *Exemption to disclosure (18 U.S.C. 4208(c)).* A document may be withheld from disclosure to the extent it contains:

(1) Diagnostic opinions which, if known to the prisoner, could lead to a serious disruption of his institutional program;

(2) Material which would reveal a source of information obtained upon a promise of confidentiality; or

(3) Any other information which, if disclosed, might result in harm, physical or otherwise to any person.

(d) *Summarizing nondisclosable documents.* If any document or portion of a document is found by the Commission, the Bureau of Prisons or the originating agency to fall within an exemption to disclosure, the agency shall:

(1) Identify the material to be withheld; and

(2) State the exemption to disclosure under paragraph (c) of this section; and

(3) Provide the prisoner with a summary of the basic content of the material withheld with as much specificity as possible without revealing the nondisclosable information.

(e) *Waiver of disclosure.* When a timely request has been made for disclosure, if any document or summary of a document relevant to the parole determination has not been disclosed 30 days prior to the hearing, the prisoner shall be offered the opportunity to waive disclosure of such document without prejudice to his right to later review the document or a summary of the document. The examiner panel may disclose the document and proceed with the hearing so long as the prisoner waives his right to advance disclosure. If the

---

---

prisoner chooses not to waive pre-hearing disclosure, the examiner panel shall continue the hearing to the next docket to permit disclosure. A continuance for disclosure should not be extended beyond the next hearing docket.

(f) *Late received documents.* If a document containing new and significant adverse information is received after a parole hearing but before all review and appellate procedures have been concluded, the prisoner shall be given a copy of the document and forwarded to the institution for inclusion in the prisoner's institutional file. The Commission shall notify the prisoner of the new hearing and his right to request disclosure of the document pursuant to this section. If a late received document merely restates already available information or provides insignificant information, the case will not be reopened for disclosure.

(g) *Reopened cases.* Whenever a case is reopened for a new hearing and there is a document the Commission intends to use in making its determination, a copy of the document shall be forwarded for inclusion in the prisoner's institutional file and the prisoner shall be informed of his right to request disclosure of the document pursuant to this section.

[50 FR 40874, Oct. 3, 1985]

**§ 2.56 Disclosure of Parole Commission file.**

(a) *Procedure.* Copies of disclosable records pertaining to a prisoner or a parolee which are contained in the subject's Parole Commission file may be obtained by that prisoner or parolee upon written request pursuant to this section. Such requests shall be answered as soon as possible in the order of their receipt. Other persons may obtain copies of such documents only upon proof of authorization from the prisoner or parolee concerned or to the extent permissable under the Freedom of Information Act or the Privacy Act of 1974.

(b) *Scope of disclosure.* Disclosure under this section shall extend to Commission documents concerning the prisoner or parolee making the request. Documents which are contained in the

## § 2.56

regional file and which are prepared by agencies other than the Commission which are also subject to the provisions of the Freedom of Information Act, shall be referred to the appropriate agency for a response pursuant to its regulations, unless the document has previously been prepared for disclosure pursuant to § 2.55, or is fully disclosable on its face, or has been prepared by the Bureau of Prisons. Any Bureau of Prisons documents in a parole file are duplicates of records in the inmate's institutional file. Before referring these documents to the Bureau of Prisons (BOP), the Commission will ask the questor whether he also wants the BOP documents in his parole file processed.

(1) Requests that are only for a copy of the tape recording of a hearing will be processed ahead of requests seeking multiple documents from the Parole Commission file (priority processing). A requester may limit the scope of a request to a tape recording only (or to a tape recording and/or up to two documents) and thereby qualify for priority processing. For example, a request for the tape recording and the examiner's summary of a hearing qualifies for priority processing.

(2) [Reserved]

(c) *Exemptions to disclosure.* A document or segregable portion thereof may be withheld from disclosure to the extent it contains material exempt from disclosure under the Freedom of Information Act. 5 U.S.C. 552(b)(1)–(9).

(d) *Specification of documents withheld.* Documents that are withheld pursuant to paragraph (c) of this section shall be identified for the requester together with the applicable exemption for withholding each document or portion thereof. In addition, the requester must be informed of the right to appeal any non-disclosure to the Office of the Chairman.

(e) *Hearing record.* Upon request by the prisoner or parolee concerned, the Commission shall make available a copy of any verbatim record (e.g., tape recording) which it has retained of a hearing, pursuant to 18 U.S.C. 4208(f).

(f) *Costs.* In any case in which billable costs exceed $14.00 (based upon the provisions and fee schedules as set forth in the Department of Justice regulation

---

### § 2.70 Authority and functions of the U.S. Parole Commission with respect to District of Columbia Code offenders.

(a) The U.S. Parole Commission shall exercise authority over District of Columbia Code offenders pursuant to section 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law 105–33, 111 Stat. 712, and D.C. Code 24–409. The rules in this subpart shall govern the operation of the U.S. Parole Commission with respect to D.C. Code offenders and shall constitute the parole rules of the District of Columbia, as amended and supplemented pursuant to section 11231(a)(1) of the Act.

(b) The Commission shall have sole authority to grant parole, and to establish the conditions of release, for all District of Columbia Code prisoners who are serving sentences for felony offenses, and who are eligible for parole by statute, including offenders who have been returned to prison upon the revocation of parole or mandatory release. (D.C. Code 24–404 and 408). The above authority shall include youth offenders who are committed to prison for treatment and rehabilitation based on felony convictions under the D.C. Code. (D.C. Code 24–904(a).)

(c) The Commission shall have authority to recommend to the Superior Court of the District of Columbia a reduction in the minimum sentence of a District of Columbia Code prisoner, if the Commission deems such recommendation to be appropriate. (D.C. Code 24–401(c).)

(d) The Commission shall have authority to grant parole to a prisoner who is found to be geriatric, permanently incapacitated, or terminally ill, notwithstanding the minimum term imposed by the sentencing court. (D.C. Code 24–461 through 467.)

(e) The Commission shall have authority over all District of Columbia Code felony offenders who have been released to parole or mandatory release supervision, including the authority to return such offenders to prison upon an order of revocation. (D.C. Code 24–406.)

[FR 45888, July 26, 2000, as amended at 68 FR 41530, July 14, 2003]

### § 2.71 Application for parole.

(a) A prisoner (including a committed youth offender) desiring to apply for parole shall execute an application form as prescribed by the Commission. Such forms shall be available at each institution and shall be provided to a prisoner who is eligible for parole consideration. The Commission may then conduct an initial hearing or grant an effective date of parole on the record. A prisoner who receives an initial hearing need not apply for subsequent hearings.

(b) To the extent practicable, the initial hearing for an eligible adult prisoner who has applied for parole shall be held at least 180 days prior to such prisoner's date of eligibility for parole. The initial hearing for a committed youth offender shall be scheduled during the first 120 days after admission to the institution that is responsible for developing his rehabilitative program.

(c) A prisoner may knowingly and intelligently waive any parole consideration on a form provided for that purpose. A prisoner who declines either to apply for or waive parole consideration shall be deemed to have waived parole consideration.

(d) A prisoner who waives parole consideration may later apply for parole and be heard during the next visit of the Commission to the institution at which the prisoner is confined, provided that the prisoner has applied for parole at least 60 days prior to the first day of the month in which such visit of the Commission occurs. In no event, however, shall such prisoner be heard at an earlier date than that set forth in paragraph (b) of this section.

### § 2.72 Hearing procedure.

(a) At the initial hearing the examiner shall review with the prisoner the guidelines at § 2.80, and shall discuss with the prisoner such information as the examiner deems relevant, including the prisoner's offense behavior, criminal history, institutional record, health status, release plans, and community support. If the examiner determines that the available file material is not adequate for this purpose the examiner may order the hearing to be postponed to the next docket so that the missing information can be requested.

(b) A prisoner may have a representative at the hearing pursuant to § 2.13(b) and the opportunity for prehearing disclosure of file material pursuant to § 2.55.

(c) A victim of a crime, or a representative of the immediate family of a victim if the victim has died, shall have the right:

(1) To be present at the parole hearings of each offender who committed the crime, and

(2) To testify and/or offer a written or recorded statement as to whether or not parole should be granted, including information and reasons in support of such statement. A written statement may be submitted at the hearing or provided separately. The prisoner may be excluded from the hearing room during the appearance of a victim or representative who gives testimony. In lieu of appearing at a parole hearing, a victim or representative may request permission to appear before an examiner (or other staff member), who shall record and summarize the victim's or representative's testimony. Whenever new and significant information is provided under this rule, the hearing examiner will summarize the information at the parole hearing and will give the prisoner an opportunity to respond. Such summary shall be consistent with a reasonable request for confidentiality by the victim or representative.

(d) Attorneys, family members, relatives, friends of the prisoner, or other interested persons desiring to submit information pertinent to any prisoner, may do so at any time, but such information must be received by the Commission at least 30 days prior to a scheduled hearing in order to be considered at that hearing. Such persons may also request permission to appear at the offices of the Commission to speak to a Commission staff member, provided such request is received at least 30 days prior to the scheduled hearing. The purpose of this office visit will be to supplement the Commission's record with pertinent factual information concerning the prisoner, which shall be placed in the record for consideration at the hearing. An office visit at a time other than set forth in

## § 2.73 Parole suitability criteria.

(a) In accordance with D.C. Code 24-404(a), the Commission shall be authorized to release a prisoner on parole in its discretion after the prisoner has served the minimum term of the sentence imposed, if the following criteria are met:

(1) The prisoner has substantially observed the rules of the institution;

(2) There is a reasonable probability that the prisoner will live and remain at liberty without violating the law; and

(3) In the opinion of the Commission, the prisoner's release is not incompatible with the welfare of society.

(b) It is the policy of the Commission with respect to District of Columbia Code offenders that the minimum term imposed by the sentencing court presumptively satisfies the need for punishment for the crime of which the prisoner has been convicted, and that the responsibility of the Commission is to account for the degree and the seriousness of the risk that the release of the prisoner would entail. This responsibility is carried out by reference to the Salient Factor Score and the Point Assignment Table at § 2.80. However, there may be exceptional cases in which the gravity of the offense is sufficient to warrant an upward departure from § 2.80 and denial of parole.

[65 FR 45888, July 26, 2000, as amended at 68 FR 41530, July 14, 2003]

## § 2.74 Decision of the Commission.

(a) Following each initial or subsequent hearing, the Commission shall render a decision granting or denying parole, and shall provide the prisoner with a notice of action that includes an explanation of the reasons for the decision. The decision shall ordinarily be issued within 21 days of the hearing, excluding weekends and holidays.

(b) Whenever a decision is rendered within the applicable guideline established in this subpart, it will be deemed a sufficient explanation of the Commission's decision to set forth how the guideline was calculated. If the decision is a departure from the guidelines, the notice of action shall include the reasons for such departure.

(c) Relevant issues of fact shall be resolved by the Commission in accordance with § 2.19(c). All final parole decisions (granting, denying, or revoking parole) shall be based on the concurrence of two Commissioner votes, except that three Commissioner votes shall be required if the decision differs from the decision recommended by the examiner panel by more than six months. A final decision releasing a parolee from active supervision shall also be based on the concurrence of two Commissioner votes. All other decisions may be based on a single Commissioner vote, except as expressly provided in these rules.

## § 2.75 Reconsideration proceedings.

(a)(1) Following an initial or subsequent hearing, the Commission may—

(i) Set an effective date of parole within nine months of the date of the hearing;

(ii) Set a presumptive parole date at least ten months but not more than three years from the date of the hearing;

(iii) Continue the prisoner to the expiration of sentence if the prisoner's mandatory release date is within three years of the date of the hearing;

(iv) Schedule a reconsideration hearing at three years from the month of the hearing; or

(v) Remand the case for a rehearing on the next available docket (but no later than 180 days from the date of the hearing) for the consideration of additional information.

(2) *Exceptions.* (1) With respect to the rule on three-year reconsideration hearings. If the prisoner's current offense behavior resulted in the death of a victim and, at the time of the hearing, the prisoner must serve more than three years before reaching the minimum of the applicable guideline range, the Commission may schedule a reconsideration hearing at a date up to five years from the month of the last hearing, but not beyond the minimum of the applicable guideline range.

(ii) With respect to youth offenders. Regardless of whether a presumptive parole date has been set, a reconsideration hearing shall be conducted every twelve months for a youth offender, and on the next available docket after the Commission is informed that the prisoner has completed his program plan.

(b) When a rehearing is scheduled, the prisoner shall be given a rehearing during the month specified by the Commission, or on the docket of hearings immediately preceding that month if no docket of hearings is scheduled for the month specified.

(c) At a reconsideration hearing, the Commission may take any action that it could take at an initial hearing. The scheduling of a reconsideration hearing does not imply that parole will be granted at such hearing.

(d) Prior to a parole reconsideration hearing, the Commission shall review the prisoner's record, including an institutional progress report which shall be submitted 60 days prior to the hearing. Based on its review of the record, the Commission may grant an effective date of parole without conducting the scheduled hearing.

(e) Notwithstanding a previously established reconsideration hearing, the Commission may reopen any case for a special reconsideration hearing, as provided in § 2.28, upon the receipt of new and significant information concerning the prisoner.

[65 FR 70664, Nov. 27, 2000, as amended at 67 FR 57945, Sept. 13, 2002; 69 FR 5274, Feb. 4, 2004]

## § 2.76 Reduction in minimum sentence.

(a) A prisoner who has served three or more years of the minimum term of his or her sentence may request the Commission to file an application with the sentencing court for a reduction in the minimum term pursuant to D.C. Code 24-401c. The prisoner's request to the Commission shall be in writing and shall state the reasons that the prisoner believes such request should be granted. The Commission shall require the submission of a special progress report before approving such a request.

(b) Approval of a prisoner's request under this section shall require the concurrence of a majority of the Commissioners holding office.

(c) Pursuant to D.C. Code 24-401c, the Commission may file an application for a reduction of a prisoner's minimum term if the Commission finds that:

(1) The prisoner has completed three years of the minimum term imposed by the court;

(2) The prisoner has shown, by report, of the responsible prison authorities, an outstanding response to the rehabilitative program(s) of the institution;

(3) The prisoner has fully observed the rules of each institution in which the prisoner has been confined;

(4) The prisoner appears to be an acceptable risk for parole based on both the prisoner's pre- and post-incarceration record; and

(5) Service of the minimum term imposed by the court does not appear necessary to achieve appropriate punishment and deterrence.

(d) If the Commission approves a prisoner's request under this section, an application for a reduction in the prisoner's minimum term shall be forwarded to the U.S. Attorney for the District of Columbia for filing with the sentencing court. If the U.S. Attorney objects to the Commission's recommendation, the U.S. Attorney shall provide the government's objections in writing for consideration by the Commission. If, after consideration of the

U.S. Department of Justice
United States Parole Commission

Notice of Hearing-Parole Application
Representative and Disclosure Request

Date _____

Name: _____

Register No: _____    _____ Institution _____ _____

INSTRUCTIONS: This form is to be furnished to and completed by every inmate prior to every scheduled hearing before the Parole Commission. It must be furnished at least 60 days in advance of the scheduled hearings unless such 60 day notice is waived by the inmate (see "1" below).

1. NOTICE OF HEARING: Provided you have applied for parole in the space below, you will be given a hearing by officials of the U.S. Parole Commission on the docket of parole hearings scheduled for _____ _____
to __ _____ _____, 19.

IF THERE ARE LESS THAN 60 DAYS BETWEEN THE DATE OF THIS NOTICE AND YOUR HEARING, YOUR HEARING WILL BE POSTPONED UNTIL THE NEXT DOCKET OF PAROLE HEARINGS AT YOUR INSTITUTION *UNLESS* YOU INITIAL THE FOLLOWING WAIVER:

_____    I received this form less than 60 days from the date of my hearing. However, I hereby waive my right to 60 days
(Initials)    advance notice of the hearing time and notice of my disclosure rights, and I request to be heard as scheduled.

2. APPLICATION: I hereby apply for parole, or have previously applied and still wish to be paroled:

_____                    _____
    (Signature)                                        (Date)

3. WAIVER OF PAROLE/PAROLE HEARING

_____ A. I wish to waive parole consideration at this time.
(Initials)

_____ B. I wish to waive my scheduled Statutory Interim Hearing and have not incurred any Institutional Disciplinary
(Initials)    Committee infractions since my last hearing.

_____ C. I wish to waive the parole effective date or presumptive parole date previously determined by the Commission. (NOTE:
(Initials)    *A previously waived parole date will be reinstated upon reapplication, provided no new adverse information exists in your case.*)

_____ D. I wish to waive mandatory parole.
(Initials)

NOTE:    1) If you waive parole or a parole hearing, any subsequent application or reapplication must be submitted at least 60 days prior to the first day of the month in which hearings are conducted at the institution where you are then confined.

    2) Revocation hearings cannot be waived. Hearings under 28 CFR 2.28 (b-f) and rescission hearings can only be waived by waiver of the parole effective date or presumptive parole date previously determined by the Commission.

4. REPRESENTATIVE: At your hearing you may have a representative of your choice (*e.g. family member, friend, staff member, or attorney*), who will be permitted to make a statement on your behalf at the close of the hearing. The name of any representative willing and able to appear should be written in below. Arrangements for the appearance of a representative must be made through your case manager.

Name of Representative: _____

IF YOU DO NOT WISH A REPRESENTATIVE, INITIAL THE FOLLOWING WAIVER:

_____ I do not wish a representative at my hearing.
(Initials)

I-24

PAROLE FORM I-24