UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OLIVER BOLING-BEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Civil Action No. 05-1732 (JDB) |
| v. ) | (ECF) |
| ) | |
| U.S. PAROLE COMMISSION, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO ENLARGE TIME
TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

The Federal Bureau of Prisons and the U.S. Parole Commission, Defendants in this action, respectfully request an enlargement of time to file an answer or otherwise respond to the complaint in this case. Defendants' answer is due November 28, 2005. Defendants request until December 28, 2005 to file an answer or otherwise respond to the complaint.

Plaintiff, a *pro se* prisoner, brings this Bivens action against Federal Bureau of Prison employees Albert Wilson and Mike Gray and U.S. Parole Commission employees Pamela Posch, Jeffery Koastbar, and Samuel Robertson in their official and individual capacities.[1]

Because it is a Bivens action, the individual federal defendants sued in their personal capacity have the opportunity to request legal representation by the Department of Justice ("DOJ"), pursuant to 28 C.F.R. § 50.15. The decision whether to grant such representation is made by the Torts Branch of DOJ headquarters and, if the request is approved, this Office would likely be appointed as

---

[1] By way of this motion for an extension of time, the individual federal defendants submit that they have not waived any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

counsel. The process begins, however, with requests from the federal employees and their respective agencies. In light of the fact that the Defendants have not been properly served in their individual capacities, it is not surprising that the individuals have not yet had time to decide on, let alone submit, requests to Torts Branch for DOJ representation. Accordingly, this Office cannot yet represent the Defendants in their individual capacity.

Because the defenses of the Defendants in their official and individual capacity will be quite similar, it makes sense for the Court to permit this Office to present a single response to the complaint at one time. Therefore, the enlargement will serve judicial economy.

Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.[2]

---

[2] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

2