UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Oliver M. Boling-Bey )
   plantiff. )
)
)
v. ) Civil no. 05-1732
) Judge; John D. Bates
U.S. PAROLE COMMISSION et. al; )
   defendants )
)

Leave to file GRANTED

*[signature]* 1/5/06
John D. Bates
United States District Judge

PLAINTIFF S" OPPOSITION TO DEFENDANTS
REQUEST FOR (DELAY) STAY OF DISCOVERY
AND THIRD ENLARGEMENT OF TIME."

Come now Plaintiff Oliver M. Boling-Bey Pro-se oppose the defendants request for (delay) stay of answering the discovery of the addmissions and interrogatories; and request for a (**third**) enlargement of time for the following reasons:

Plaintiff filed befor the Court a combonation TITLED 42 U.S.C.§ 1983, 1985 (3) 1986 Civil Rights Violation, Racial Discrimnation, Racial Conspiracy, and Vindictivness, Racial Conspiracy to Cover-Up in violation of plaintiffs Fifth- and Fourteenth amendment to the federal constitution. Both Capacities official and individual."

Since plaintiffs filing befor the court the defendants has [**Failed**] to respond to the individual capacity in the suit.

Counsel for the defendants Attorney John f. Henault has constantly campaigned concerning the individual capacity of defendants in his (3) requests for enlargements of time in which counsel "did" not enter on behalf of defendants in that capacity' now with time spent in that area he bemoans that he needs more time?

1. On October 20, 2005 a notice of appearance entered by U.S. Attorney John F. Henault Jr. on behalf of defendants in their (OFFICIAL CAPACITY) ONLY."

No one [entered] on behalf of defendants in their "individual" capacity, to this date or even responded."

2. All defendants were served of summons according to the docket sheet of the proceedings and the complaint and in both capacities, official and individual.'

3. On November 28, 2005, defendants answer was due in response to plaintiffs' complaint, 10 days befor this due date the defendants requested a enlargement of time for (30) more days, untill the believable December 28, 2005.

4. On December 8, 2005, defendants requested a **additional 30** more days this time untill january 28, **2006.**"

5. Plaintiff donot oppose enlargement of time saught by the defendants for valid reasons, **however Counsel Henault has put a "twist" and a "spin" on the designed purpose and meaning of enlargement'** of time found in the F.-R.C. Procedure, **Counsel has boldly "solicited" and lobbied** through the **vehicle of enlargement of time and find it unreasonable to allow this con= to grow."**

6. The Court must deny defendants motion to delay (stay) discovery and en= largement of time. The defendants never offered a **(cause)** for its **tardiness** in responding to the Courts order to respond, the defendants instead improperly saught out ways to aide defendants in their **individual capacity in which, U.S.Attorney J.F.Henault never "entered" on in fact counsel placed emphasis on official capacity [only].**

7. Therefor plaintiff ask that this Court reasonably put a stop this tactic in which plaintiff views as a obstacle in the smoothe proceeding in a a **very serious matter where conspiracy to harm because of race is**

### DISCOVERY PLAINTIFF IS ENTITLED

Plaintiff is entitle to [Pretrial] admissions and interrogatories see; Federal Rules of Civil Procedures 33, and 36." contrary to defendants motion that, discovery is premature, and that its undue burdensome. The courts have reason **otherwise** see: NATIONAL RESOURCES DEFENSE COUNCIL v. CURTIS, 189 F.R.D. 4, * 13 (D.D.C. 1999), said", the defendants cant avoid discovery by just stating it will be to difficult...they have to prove it." However in this case the defendants offer [no] proof except they do not want it", there has to be something more than defendants desires'.

There is <u>no</u> block to basic pretrial "discovery of admissions and interrogatories, the minimun discovery requested for by plaintiff is important and essential for plaintiffs law suit."see Alexander v. Rizzo, 50 F.R.D. 374 (E.D. Pa. 1970). Under Federal rules of Civil Procedures 26 (b) (1) plaintiff have the "legal" right to [anything] which is in any way "relevant" to the subject matter involved in the pending action,including" anything relevant' to <u>any</u> defense offered by defendants.

The Supreme court has construed discovery rule broadly to encompass [a]ny matter that bears on or that reasonably could lead to other matters that, could bear on any issue that is or may be in the case.see <u>OPPeheimer Fund Inc. v. Sanders</u> 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(foot note-omitted); accord, <u>Weiss v. Amoco oil Co.</u>, 142 F.R.D. 311,315 (S.D. Iowa 1992). Discovery requests should be allowed unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.see <u>La Chemise lacoste v. Alligator Co., inc.</u>,60 F.R.D. 164,171 (D.Del.1973) <u>Nash v. Thieke</u>,743 F.supp. 130 (E.D.Wis.1990).

But even burdensome or expensive discovery may be required if it is relevant to the case.see <u>Fagan v. District of columbia</u>,136 F.R.D. 5,7.(D.D.C. 1991). However in this case plaintiff only seek minimun discovery.

Additionally defendants has engaged in "misrepresentation" in that the defendants term plaintiffs pleadings as a <u>Bivens</u> action."

Counsel [do not] have the authority to change or alter or modify the title of plaintiffs suit,this is a act of misrepresentation of a proceedings. Moreover, Atty. Henault in his motion to delay discovery ,alludes to various "resolutions" that he intends to seek, and that this court should rule adverse to plaintiff request for limited admissions and interrogatories based on his ["pre-determine"] objective."

This plaintiff points out that, this is putting the "cart" befor the "horse" defendants over confidence in a desired outcome in which the Court has yet to determine is improper and without sound reasoning and is not ajust reason and should be denied.

## Conclusion

Wherefor because of the cited reasons stated in this opposing motion plaintiff that defendants motions be denied.

December,19,2005.

Respectfully submitted
*Oliver M. Boling-Bey*
Oliver M. Boling-Bey
#36688-118 U.S.P.
P.O.Box-1000
Lewisburg Pa.17837

I *Oliver M. Boling-Bey* swear under the penaltyof perjury that the foregoing is true and correct.

## Certificate Of service

I hereby certify that on this 19,day of December 2005 i cause the foregoing motion to be served on defendants U.S. Atty. John F. Henault D.C.BAR # 472590, Judiciary Center Bldg. 555 4th street N.W.-Civil Division Washington D.C. 20530