IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| OLIVER BOLING-BEY,<br>       Plaintiff<br>v.<br><br>U.S. PAROLE COMMISSION,<br>       et al.,<br>       Defendants | Civil No. 05-1732<br>    (JDB)(ECF) |

### DECLARATION of JEFFREY KOSTBAR

I, Jeffrey S. Kostbar, declare as follows:

1. I am a hearing examiner for the United States Parole Commission, with offices at 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

2. I am not a resident of the District of Columbia. I have not received a copy of the summons and complaint in Civil Action No. 05-1732 (JDB) by any method of service of process.

3. The following is based upon my personal recollection of the events of July 13, 2004 at the United States Penitentiary in Leavenworth, Kansas and my review of a memo regarding the hearing dated July 13, 2004. (Attached as an exhibit to this declaration).

4. On July 13, 2004, I attempted to conduct a special reconsideration hearing in the case of Oliver Boling, Federal Register No. 36688-118.

5. Because the United States Penitentiary at Leavenworth, Kansas will not permit witnesses to enter the secure portion of

the institution where the hearing room is located, I took a taped statement from Lynn Boling, the prisoner's ex-wife, who appeared at the institution to oppose the prisoner's parole.

6. Oliver Boling indicated that he did not want to proceed with his hearing on July 13, 2004. I did not conduct a special reconsideration hearing for Mr. Boling on July 13, 2004.

7. On July 13, 2004, I did not use any racial slurs or call Mr. Boling "nigger boy," nor did I hear Case Managers Gray or Wilson use any racial slurs.

8. I have never made any racial slurs against Mr. Boling or called Mr. Boling "nigger boy," nor did I hear any staff member of the penitentiary use any racial slurs against Mr. Boling.

9. None of the actions I took in Mr. Boling's case were motivated by racial discrimination or an intent to retaliate against Mr. Boling for exercising his administrative or judicial remedies.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: 12/20/05

Jeffrey S. Kostbar
Hearing Examiner
U.S. Parole Commission

## MEMO REGARDING HEARING

**Name: Boling, Oliver**                                          Reg No: 36688-118

To ..............................................: **Case Operations Administrator**
Hearing Date ..............................: 7/13/04
Examiner ......................................: Jeffrey S. Kostbar
Institution ...................................: Leavenworth USP

USP Leavenworth will not permit victim witnesses to enter the Institution Hearing Room, which is in the secure part of the institution. Consequently, the victim witness, the subject's ex-wife, Lynn Boling did appear for today's hearing and was allowed to present her statement to the Parole Commission opposing the subject's parole in the Warden's Conference Room.

This case had originally been granted a presumptive reparole date of 4/9/05 after service of 72 months on guidelines of 48-60 months. It was originally assessed as a Category Five offense with a SFS of 5 for Assault with a Dangerous Weapon.

Subsequent to the decision being made by NOA dated 12/19/03, the case was reopened pursuant to NOA dated 6/5/04 and scheduled for a Special Reconsideration Hearing on the next docket. This was due to new adverse information not considered in the prior decision and was done under 28 C.F.R. 2.28(f).

See memorandum from Commission Legal Section completed 5/3/04 and NOA dated 6/5/04.

I met with the victim witness (who prefers to be identified as Lynn Boling) on this date in the Warden's Conference Room. I taped her statement. She indicated to me that her taped statement is fully disclosable to the inmate. She also modified her letter to the Commission dated 6/24/04 by taking out her address and her signature and using only her first name on the signature and the name Lynn Boling on the letter.

When I attempted to hold today's hearing the inmate indicated that he did not want the hearing today. He states that he has an attorney and he also has his case in court and it is not due in court until October 2004. Since I could not continue his case for two dockets or longer he chose to waive his parole consideration at this point in time. He was informed that he will have to reapply for parole 60 days in advance of the first day of the month of any docket that we hold at this institution. He stated he fully understood the policy. He was advised to apply for the November Docket by 9/1/04 if he wanted to be considered on the November Docket.

He did not want the tape of the victim played for him today nor was he interested in the summary of her statements from this examiner. Consequently, I will summarize the victim's statements to me and the possible implication of those statements in this memorandum.

<u>I AM ALSO REQUESTING THAT THE PAROLE COMMISSION OFFICE TRANSCRIBE THE VICTIM'S STATEMENTS AS THEY ARE EXTREMELY IMPORTANT AND SO AS TO MAKE THE TRANSCRIPTION AVAILABLE TO BOTH THE INMATE AS WELL AS HIS ATTORNEY. THE BUREAU OF PRISONS WILL NOT ALLOW THE SUBJECT TO RECEIVE THE TAPE OF THE VICTIM IN THE INSTITUTION.</u>


VICTIM LYNN BOLING WAS THE SUBJECT'S WIFE. SHE STATED THAT SHE BELIEVED THAT HE WAS CAPABLE OF COMMITTING NEW CRIMES IF HE WAS RELEASED. SHE STATED THAT HE HAS THREATENED IN THE PAST TO KILL HER AS WELL AS HER ENTIRE FAMILY. SHE INDICATED THAT HE WAS VIOLENT TO HER WHEN HE WAS OUT ON PAROLE BEFORE AND SHE BELIEVES HE IS UN-REPENTIVE.

SHE STATED THAT TWICE HE TRIED TO STRANGLE HER. THE FIRST TIME HE WAS IN A JEALOUS RAGE BUT HE LET HER GO ULTIMATELY. THE SECOND TIME HE ATTEMPTED TO STRANGLE HER SHE THOUGHT SHE WAS GOING TO DIE AND THAT IT WAS HIS INTENT TO KILL HER. SHE STATED THAT DURING THE STRANGULATION HE SAID HE WANTED HER DEAD. SHE INDICATED THAT SHE WAS JUST ABOUT TO GIVE UP AND DIE BUT SHE TRIED ONE MORE TIME TO STRUGGLE FREE. SHE WAS ABLE TO THROW HER LEG UP WHICH HIT A HAITIAN STATUE. THE STATUE TUMBLED DOWN AND THIS STARTLED HIM AND HE JUMPED AWAY FROM HER. SHE STATED THAT AS A RESULT OF THIS STRANGULATION SHE WAS SEVERELY BRUISED ALL AROUND HER NECK. SHE INDICATED THAT HE HAD PREVIOUSLY TOLD HER HE WAS GOING TO KILL HER AND THE ONLY THING KEEPING HER ALIVE WAS THE FACT THAT HE HAD NOT YET FIGURED OUT WHAT TO DO WITH HER BODY. SHE FELT THAT THIS WAS DEFINITELY A MURDER ATTEMPT BUT THAT DUE TO HER OWN STRUGGLING SHE MANAGED TO SAVE HER LIFE.

SHE ALSO DESCRIBED A CANE BEATING WHICH SHE TOOK AT THE SUBJECT'S HANDS. SHE STATED THAT HE WAS CAREFUL TO BRUISE HER SEVERELY IN PLACES WHERE IT COULD NOT BE SEEN BY THE GENERAL PUBLIC. SHE INDICATED THAT THIS WAS BEHIND HER LEGS AND ON HER BUTTOCKS. SHE STATED THAT THE BRUISING WAS VERY SEVERE AND THEY TURNED BLACK.

SHE INDICATES THAT HE NEVER BROKE ANY BONES ON HER BODY BUT THAT ONCE HE TWISTED HER CHEEK SO HARD IT BROKE HER SKIN AND SHE NOW HAS A SCAR ON HER CHEEK. SHE DID GO TO THE DOCTOR ONCE BUT HE STAYED WITH HER. HE PULLED HER HAIR OUT IN CLUMPS FROM HER SCALP.

The examiner will need to review the statement of the victim and, hopefully the transcription.

The Parole Commission will have to determine how to rate this case. The victim's statements of today's hearing many suggest a Category Eight Attempted Murder which would carry guidelines of 150 + months. Or, the case may be rated as a Category Seven for Serious Bodily Injury or Serious Bodily Injury Intended. It may also be rated as a Category Five for Bodily Injury/Weapon Used.

As noted above, the subject has now placed himself into waiver status. He feels that he should be disclosed more information and that he has not had enough time to prepare his case nor to get his attorney/representative at today's hearing. This examiner is requesting that the victim tape be transcribed. Again, the victim has indicated that everything she stated is disclosable to the inmate.

JSK/PAH
July 15, 2004

**Addendum by S. Husk (8/9/04):** Special reconsideration hearings ordered in accordance with 28 C.F.R. §2.28(f) cannot be waive (See 2.11-03(b)). Thus, Boling's execution of a waiver form is invalid and should instead be construed as a request to continue his case.