IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| OLIVER BOLING-BEY,<br>Plaintiff<br><br>v.<br><br>U.S. PAROLE COMMISSION,<br>et al.,<br>Defendants. | Civil No. 05-1732<br>(JDB)(ECF) |

### DECLARATION of PAMELA A. POSCH

I, Pamela A. Posch, declare as follows:

1. I am not a resident of the District of Columbia. I have not received a copy of the summons and complaint in Civil Action No. 05-1732 (JDB)(ECF) by any method of service of process.

2. I am an attorney for the U.S. Parole Commission with offices at 5550 Friendship Boulevard, Chevy Chase, Maryland.

3. I make the following statements on the basis of personal knowledge, my review of the memorandum I prepared to Examiner Stephen Husk dated May 3, 2004 and a printed copy of an e-mail correspondence between Mike Gray and myself in December, 2004. (Attached as exhibits to this declaration).

4. In the course of preparing a draft response to Boling's petition for writ of habeas corpus in case number 04-3078-RDR, I discovered material in Boling's file, that appeared to have not been made available to the hearing examiner who had recommended to the Commission that Boling be granted parole on April 9, 2005 following his December 3, 2003 hearing.

5. The documents included a police report describing Boling's arrest for assaulting his wife, several letters which contradicted Boling's claim that he no longer had any contact with his former wife, documents providing details concerning Boling's stalking offense, and Boling's threat that he would kill his former wife and members of her family, and a letter from a victim advocate in the U.S. Attorney's Office in the District of Columbia, who stated their belief that Boling's wife is at risk of being murdered by Boling.

6. After reviewing the summary of the hearing dated December 3, 2003, I was concerned that neither the hearing examiner conducting the hearing nor the Executive Hearing Examiner (EHE) reviewing the case considered this information before submitting their recommendation to the Commission that Boling be paroled.

7. By a memorandum dated May 3, 2004, I referred the case to Hearing Examiner Stephen Husk to determine whether he had reviewed the information and, if he had, whether he would have made a different recommendation. I also recommended that the file be forwarded to the EHE so that she could determine if she considered the information in her recommendation. It was my recommendation that Boling's case be reopened for a new hearing if it was determined that the Commission did not consider all of the available information regarding Boling's violation behavior.

8. On December 17, 2004, I replied to an e-mail sent by Mike Gray dated December 15, 2004 instructing him to send the Commission Boling's Parole Application Form, or I-24, dated

November 30, 2004, or to have Boling complete one before he was transferred to another institution. Based upon my recollection of the case, the I-24 was needed for Boling's file to indicate whether he chose to waive parole because he could not waive the special reconsideration hearing.

9. None of the actions I took in Mr. Boling's case were motivated by racial discrimination or an intent to retaliate against Mr. Boling for exercising his administrative or judicial remedies.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed: Jan. 24, 2006

Pamela A. Posch
Attorney
U.S. Parole Commission

  

Memorandum

| Subject | Date |
|---|---|
| Oliver Boling<br>Reg. No. 36688-118 | May 3, 2004 |

| To | From |
|---|---|
| Stephen J. Husk<br>Case Operations Administrator<br>U.S. Parole Commission | Pamela A. Posch<br>Attorney<br>U.S. Parole Commission |

### Introduction

This memorandum recommends reopening petitioner's case if it is determined that the Commission did not consider all of the available information regarding petitioner's violation behavior.

### Background

A rehearing was conducted in petitioner's case on December 3, 2003, following the revocation of his parole by the D.C. Board of Parole. Petitioner's parole was revoked based on charges of assault against his wife, violating a civil protection order, stalking, criminal trespassing and disorderly conduct. At the time of his re-hearing, petitioner claimed that in regard to the assault charge, he had an argument with his wife and that she threw water on him and, in return, he threw a cane at her. The hearing summary indicates that no detailed information regarding the incident was available at the time of the hearing. But the parole file (on side 2) contains a police report describing a different scenario than that provided by petitioner.

During the hearing, petitioner was questioned as to whether or not he had any contact with his former wife. He claimed that he no longer had any contact with her. However, one month prior to the hearing, petitioner's former wife wrote to the Commission and attached several letters dated from August 2002 to May 2003, that petitioner had sent to her. These letters are located on side 3 of the file. Petitioner claimed during the hearing that in regard to the stalking charge, he was not convicted of this offense but only convicted of violating a civil protection order obtained by his wife's sister. This statement is not accurate. Petitioner's wife obtained a civil protection order from the District of Columbia before fleeing to Connecticut. The documents describing the stalking offense along with the civil protection order are located on side 2 of the file. These documents include a Connecticut police report in which petitioner's wife states that petitioner threatened to kill her and members of her family. Further, also on side 2 of the file is a letter from a victim advocate in the U.S. Attorney's Office in the District of Columbia who stated that, based on her experience, petitioner's wife was at extreme risk of

Page 1 of 2                                                                 05/03/04

being murdered by pe▓▓▓▓. Again, according to the hearing su▓▓ary, it does not appear that this information was available or considered at the time of the hearing.

In addition, it is not clear whether or not the Executive Hearing Examiner (EHE) considered the information in the file. The guidelines were calculated as 48-60 months, and a presumptive parole date was set for April 2005, after the service of 72 months. A decision above the guidelines was made based on petitioner's prior assaultive history.

### Recommendation

I recommend that you review the hearing summary and the documents to determine if the information on sides 2 and 3 would have made a difference in your recommendation and/or if you believe the case should be reopened. I also recommend that the file be forwarded to the EHE so that she can determine if she considered the information on sides 2 and 3 of the file in making her recommendation. It appears that the information may not have been considered because it was not filed in the correct section of the parole file. The EHE should prepare a memorandum for the file explaining whether or not the information on side 2 and side 3 was considered in her recommendation and whether or not she believes that the case should be reopened. If the case is reopened for a new hearing, the documents will most likely have to summarized for petitioner prior to the hearing. During the hearing, petitioner should be questioned regarding the information that shows that he did contact his former wife and the information that shows that he threatened to kill his wife and members of her family. A special condition requiring him to stay away from his former wife should also be added.

Also, petitioner's former wife wrote to the Commission in December 2003, requesting information regarding petitioner's release date and inquiring as to where he was actually going to be released in 2005. If the Commission determines to reopen petitioner's case, a letter should be sent to petitioner's former wife advising her that the Commission has reopened the case.

**Posch, Pamela A. (USPC)**

**From:** Posch, Pamela A. (USPC)
**Sent:** Friday, December 17, 2004 12:19 PM
**To:** 'Gray, Michael'
**Subject:** RE: Boling, Oliver

I did not receive a copy of the I-24. Do you know if it was sent to me?
Thanks,

Pamela A. Posch
Assistant General Counsel
U.S. Parole Commission
301-492-5959

-----Original Message-----
From: Gray, Michael
Sent: Wednesday, December 15, 2004 5:34 PM
To: Posch, Pamela A. (USPC)
Subject: RE: Boling, Oliver


I have pulled it from his central file and will have my secretary fax a copy
of it in the morning.


Mike

>>> Pamela Posch 12/15/2004 4:25:07 PM >>>
The form that I need is the I-24 parole application in regard to his
November
30, 2004. I know that he did not appear for the hearing but if he
completed
the I-24 form there is a box where he signs waiving parole. I only need
this
form from this most recent hearing. (I am not interested in any earlier
I-24
forms that he might have completed for past hearings.) If he did not
complete
the I-24 form in connection with this hearing, can you have him complete
it
now before he leaves? If that is not possible or if he refuses, please
note
it on the I-24.

My fax number is (301) 492-5563.

Thank you,

Pamela A. Posch
Assistant General Counsel
U.S. Parole Commission
301-492-5959, ext. 239

-----Original Message-----
From: Gray, Michael
Sent: Wednesday, December 15, 2004 4:46 PM
To: Posch, Pamela A. (USPC)
Subject: Boling, oliver


Is the I-29 all you need? He transfers in the morning to USP Lewisburg,

1