# HEARING SUMMARY

**Name:** Boling, Oliver                                      **Reg No:** 36688-118

## Hearing Parameters

    Hearing Type ...............................: **Special Reconsideration**
    Hearing Date ................................: 12/3/03
    Examiner .......................................: Stephen J. Husk
    Institution .....................................: Leavenworth USP

## Sentence Parameters

    Sentence Type ..............................: **DC Parole Eligible**
    MR/Statutory Release .................: 7/2/32
    Full Term Date ............................: 5/23/48
    Months in Custody ......................: 56 as of 12/9/03
    Fines/Restitution/Assessment ......: N/A
    Detainer ........................................: None

**Additional text regarding the above parameters:**

---

## Prior Action & Institutional Factors

**Prior Action:** See the PHA dated 11/6/03.

**Codefendants:** N/A

**Representative & Representative's Statement:** None

**Prisoner's Statement:** The subject admitted to the violation of Assaulting His Wife With a Cane. He states that he got married while he was at USP Lompoc. He went to CT to visit his wife. He states that they were fighting, she threw some water at him. In response, he states he threw a cane at her.

With regard to the charge of Leaving the District Without Permission, the subject admitted to this violation. As stated above, he had recently married this woman who had a residence and employment in CT. He was simply visiting his wife on this date in question. He did maintain a residence and employment in the District of Columbia, according to the information he provided to the examiner at today's hearing.

In regard to the charge of Law Violation of Stalking, Second Degree, the subject states that he only had been convicted of Violating a Civil Protection Order. He states that this Civil Protection Order was ordered by this victim's sister. The victim in this case was the subject's wife, the same victim for Charge No. 1. He states that this victim's sister had a Restraining Order/Protection Order issued against him and that he did violate it by going to attempt to visit his wife.



The subject states that he does work as a utility person in the unit at USP Leavenworth. He previously worked in the Kitchen. He has not completed any significant programs at the USP.

**Discipline:** None

**Program Achievement:** As noted above, subject has not completed any significant programs. He does participate in a work detail in the unit. He previously worked in the Kitchen at USP Leavenworth. He states he has been at Leavenworth for 2 years. He previously was confined on this PV term at the Red Onion State Prison in VA, the Maximum Security Facility in Lorton, VA, and the DC Jail.

**Release Plans:** If released to the community, the subject will reside with his brother, Donnell Boling, at 1500 Massachusetts Avenue, Apartment No. 12, NW, Washington, DC 20008. The subject states that he can resume his employment with the Department of Public Works in the District of Columbia. He is a refuse operator with that department, according to the information he provided to the examiner at the hearing.

## Guideline Parameters, Evaluation & Recommendation

**Severity Justification:**   Category 5 because it involved Assault With a Weapon, Stalking and Administrative Violations of Parole.

**Salient Factor Score:**   5

**Modifications From Prehearing:** The examiner has modified the SFS to 5. The Pre-Hearing Examiner counted a commitment for Prison Breach imposed on 5/25/77 as a separate commitment from a 20-year sentence for Sodomy imposed on the same date. It does not appear that Boling was serving one sentence when he escaped from that sentence and received another sentence. Therefore, the examiner does not believe that the 7/18/76 offense for Prison Breach should be counted as a separate commitment. The examiner finds there are only 2 prior commitments that suggest the SFS to 5.

Disciplinary Guideline Range:..................................0
Total Guideline Range:........................ 48-60 months

**Evaluation:** Subject appeared before this examiner for a Rehearing following the revocation of his parole by the DC Board of Parole. As noted above, the DC Board of Parole made findings of fact that the subject committed Assault With a Weapon. The subject admitted at today's hearing that he threw a cane at his wife during the course of an argument. He also admitted that he violated a Civil Protection Order that the wife's sister had issued against him to protect his wife. The subject did not provide any significant details other then to say that he did attempt to go visit his wife at her residence. The examiner had no other information describing this incident available at today's hearing. The subject stated that he no longer has any contact with his wife.

As noted above, the subject's guidelines are 48-60 months. He verified at today's hearing that he has been in continuous custody since April of 1999. Therefore, the examiner finds that, as of the time of this hearing, he had been in custody for 56 months toward the guideline range.

This subject does have a history of violence, including a Sodomy conviction from 1975 and an Armed Robbery conviction from 1983. The BOP file did not contain a copy of the Pre-Sentence Report for the Sodomy

conviction. At today's hearing, the subject stated that it involved the subject having sex with a prostitute and the prostitute becoming angry because the subject did not pay for it. The subject stated that with regard to the Armed Robbery, that it was an issue of drug addiction that he has addressed previously. Nevertheless, the subject has not participated in any programs while confined during the current violator term.

The examiner believes this subject is a more serious risk then the guidelines indicate based upon his history of violence and the fact that he committed new violent criminal behavior while on parole within the first 2 months. The guideline range are 48-60 months. The examiner believes that a decision to reparole this subject after 72 months is appropriate. The examiner believes that this subject should be subject to the Special Mental Health Aftercare based upon the original confining offense. Also, based upon his admission of past addiction to drugs, the examiner believes that he should be subject to the Special Drug Aftercare Condition.

**Recommendation:** Continue to a presumptive parole after the service of 72 months, on 4/9/2005.

**Conditions:** Drug and Mental Health

**Statutory Interim Hearing:** N/A

**Guideline Use:** A decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that you have a prior history of felony violence as evidenced by convictions for Sodomy and Assault With a Dangerous Weapon from 1975 and Armed Robbery from 1983. While on parole for these 2 sentences, within the first 2 months, you committed another felony assault on a female victim. Your continued involvement in felony violence while on parole for prior crimes of violence make you a more serious risk to return to violent criminal activity when released again to the community.

**Additional Text:** None

**Executive Reviewer's Comments:**


SJH/SDS
December 10, 2003