IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OLIVER M. BOLING,

        Petitioner,

v.                                                    CASE NO. 04-3078-RDR

R. MUNDT, et al.,

        Respondents.

### O R D E R

(1) Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. 2241. Petitioner was convicted of criminal offenses in the District of Columbia in 1976 and 1983. He was released on parole in November 1998, but his parole was revoked in July 2000. A year later, petitioner was transferred to the custody of the Bureau of Prisons, and is currently incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Petitioner filed this action to allege error by the United States Parole Commission (USPC) in its review of petitioner's parole status and parole release date.

(2) Having reviewed the record, the court considers and decides the following motions filed by petitioner.

Summary Judgment

(3) In his motion for summary judgment, petitioner objects to the first extension of time granted respondents to file an answer and



return, and seeks judgment on the merits of the claims presented in his petition. The Federal Rules of Civil Procedure, which provide for the filing of a motion for summary judgment, have limited applicability to habeas corpus proceedings. *See* Fed.R.Civ.P. 81(a)(2). Notwithstanding petitioner's objections to the additional time granted for the filing of a response to petitioner's application for a writ of habeas corpus, the court finds no valid or appropriate basis is presented for deciding this matter outside the normal habeas framework that includes the filing of an answer and return, and petitioner's filing of a traverse. Accordingly, petitioner's motion for summary judgment is denied, and petitioner's related motion for a ruling on his motion for summary judgment (Doc. 12) is now moot.

Preliminary Injunction and Temporary Restraining Order

(4) Petitioner filed two motions for preliminary injunctions (Docs. 18 and 22), and a motion for a temporary restraining order (Doc. 22). In his first motion for emergency injunctive relief, filed on August 10, 2004, petitioner cites USPC's decision on June 5, 2004, to reopen petitioner's case to rehear evidence not presented in its initial review of petitioner's case in December 2003. Petitioner states he was thereafter placed in solitary confinement without any of his legal materials. Petitioner alleges unlawful retaliation by USPC and USPLVN officials, and seeks injunctive relief to require that he be provided legal materials necessary to prepare pleadings in this matter.

(5) In his second motion for emergency injunctive relief, filed

on August 26, 2004, petitioner states the USPC hearing in his reopened case was held on July 13, 2004, and then postponed for evidentiary reasons. He restates that he was placed in solitary confinement without his legal materials and reasserts his claim of retaliation. He seeks injunctive relief and a temporary restraining order for his release from solitary confinement, for the return of his legal materials, and for a stay of all further action by USPC in the reopened parole proceeding until this court has decided petitioner's federal habeas corpus application. Petitioner also seeks a temporary restraining order to prevent any further retaliation against petitioner by anyone directly or indirectly connected to this case.

Respondents filed a response to these motions on September 14, 2004, within the time granted by the court. Respondents state that petitioner was placed in administrative segregation on July 28, 2004, pending an assessment of whether his continuing presence in the general prison population posed a threat to the security and order of the facility. Although petitioner's legal materials exceeded what was allowed in the administrative detention unit, respondents state that petitioner was offered the option of identifying and retrieving materials pertinent to this habeas action. Petitioner chose instead to not receive any of his legal papers, and has since filed pleadings in this matter.

Petitioner filed a reply in which he disputes the accuracy of statements in respondents' response, claims there is no evidence to support any valid reason for placing petitioner in

3

solitary confinement, and argues he is not provided access to legal assistance and materials equal to that available to respondents.

On this record, the court finds petitioner has not carried his burden of demonstrating a substantial likelihood of success on his broad claim of unlawful retaliation, or any irreparable injury that will result to petitioner absent the extraordinary relief being sought. See Country Kids 'N City Slick, Inc. v. Sheen, 77 F.3d 1280, 1283 (10th Cir. 1996); Lundgrin v. Claytor, 619 F.2d 61, 62 (10th Cir. 1980). Additionally, petitioner seeks court intervention into matters within the expertise of corrections officials, such as the classification of prisoners for security concerns, and provides no factual support for his broad claim of future retaliatory conduct. Petitioner's motions for preliminary injunctive relief and for a temporary restraining order are denied.[1]

---

[1] To the extent petitioner seeks relief for alleged constitutional violations in the conditions of his confinement, such claims are not appropriate for review in this habeas corpus action. Petitioner is to seek relief on such claims in a complaint filed under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens complaint is subject to the filing fee provisions imposed on any civil action or appeal submitted to the federal court by a prisoner. See 28 U.S.C. 1915 (as amended by the Prison Litigation Reform Act, April 26, 1996). Also, petitioner must fully exhaust administrative remedies on any such claims before seeking relief in federal court. See 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

IT IS THEREFORE ORDERED that petitioner's motion for summary judgment (Doc. 6) and motion for a ruling (Doc. 12) are denied.

IT IS FURTHER ORDERED that petitioner's motions for preliminary injunctive relief and a temporary restraining order (Docs. 18 and 22) are denied.

DATED: This 23rd day of September 2004, at Topeka, Kansas.

s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge