

# Memorandum



| | |
|---|---|
| **Subject** | **Date** |
| Oliver Boling<br>Reg. No. 36688-118 | May 3, 2004 |
| **To** | **From** |
| Stephen J. Husk<br>Case Operations Administrator<br>U.S. Parole Commission | Pamela A. Posch<br>Attorney<br>U.S. Parole Commission |

### Introduction

This memorandum recommends reopening petitioner's case if it is determined that the Commission did not consider all of the available information regarding petitioner's violation behavior.

### Background

A rehearing was conducted in petitioner's case on December 3, 2003, following the revocation of his parole by the D.C. Board of Parole. Petitioner's parole was revoked based on charges of assault against his wife, violating a civil protection order, stalking, criminal trespassing and disorderly conduct. At the time of his re-hearing, petitioner claimed that in regard to the assault charge, he had an argument with his wife and that she threw water on him and, in return, he threw a cane at her. The hearing summary indicates that no detailed information regarding the incident was available at the time of the hearing. But the parole file (on side 2) contains a police report describing a different scenario than that provided by petitioner.

During the hearing, petitioner was questioned as to whether or not he had any contact with his former wife. He claimed that he no longer had any contact with her. However, one month prior to the hearing, petitioner's former wife wrote to the Commission and attached several letters dated from August 2002 to May 2003, that petitioner had sent to her. These letters are located on side 3 of the file. Petitioner claimed during the hearing that in regard to the stalking charge, he was not convicted of this offense but only convicted of violating a civil protection order obtained by his wife's sister. This statement is not accurate. Petitioner's wife obtained a civil protection order from the District of Columbia before fleeing to Connecticut. The documents describing the stalking offense along with the civil protection order are located on side 2 of the file. These documents include a Connecticut police report in which petitioner's wife states that petitioner threatened to kill her and members of her family. Further, also on side 2 of the file is a letter from a victim advocate in the U.S. Attorney's Office in the District of Columbia who stated that, based on her experience, petitioner's wife was at extreme risk of

being murdered by pe████████." Again, according to the hearing su██████ry, it does not appear that this information was available or considered at the time of the hearing.

In addition, it is not clear whether or not the Executive Hearing Examiner (EHE) considered the information in the file. The guidelines were calculated as 48-60 months, and a presumptive parole date was set for April 2005, after the service of 72 months. A decision above the guidelines was made based on petitioner's prior assaultive history.

### Recommendation

I recommend that you review the hearing summary and the documents to determine if the information on sides 2 and 3 would have made a difference in your recommendation and/or if you believe the case should be reopened. I also recommend that the file be forwarded to the EHE so that she can determine if she considered the information on sides 2 and 3 of the file in making her recommendation. It appears that the information may not have been considered because it was not filed in the correct section of the parole file. The EHE should prepare a memorandum for the file explaining whether or not the information on side 2 and side 3 was considered in her recommendation and whether or not she believes that the case should be reopened. If the case is reopened for a new hearing, the documents will most likely have to summarized for petitioner prior to the hearing. During the hearing, petitioner should be questioned regarding the information that shows that he did contact his former wife and the information that shows that he threatened to kill his wife and members of her family. A special condition requiring him to stay away from his former wife should also be added.

Also, petitioner's former wife wrote to the Commission in December 2003, requesting information regarding petitioner's release date and inquiring as to where he was actually going to be released in 2005. If the Commission determines to reopen petitioner's case, a letter should be sent to petitioner's former wife advising her that the Commission has reopened the case.