# HEARING SUMMARY

**Name:** Boling, Oliver                                   **Reg No:** 36688-118

## Hearing Parameters

| | |
|---|---|
| Hearing Type | **Special Reconsideration** |
| Hearing Date | 11/30/04 |
| Examiner | Rob Haworth |
| Institution | Leavenworth USP |

## Sentence Parameters

| | |
|---|---|
| Sentence Type | **DC Parole Eligible** |
| MR/Statutory Release | 7/1/2032 |
| Full Term Date | 5/22/2048 |
| Months in Custody | 68 as of 12/9/04 |
| Fines/Restitution/Assessment | None |
| Detainer | None |

**Additional text regarding the above parameters:** The subject refused to attend his hearing on this date. Case Manager Michael Gray prepared a Memorandum dated 11/30/04 that includes his attempts to have subject to attend the hearing and subject's refusal.

The subject is not allowed to waive the hearing ordered under 28 C.F.R. 2.28(f). Case Manager Gray was instructed to inform the subject that if he did not attend his hearing a decision would be made in his absence. Case Manager Gray informed subject of that fact and subject still refused to attend the hearing.

## Prior Action & Institutional Factors

**Prior Action:** This case now contains a large volume of information relating to previous Commission Action and current information. This examiner has attempted to simplify the review process by labeling important documents that need to review by anyone making a decision in this case. Those documents have been arranged and labeled for review.

There is a Prehearing Assessment that was prepared by Examiner Price on 6/7/04. That 5-page document should be reviewed first. Following that is a copy of the hearing summary from 12/3/03 prepared by Mr. Husk with the NOA dated 12/19/03 showing that a presumptive parole was granted 4/9/05 after service of 72 months.

Subsequent to the NOA dated 12/19/03 additional information was received concerning subject's violent behavior toward his former wife, Lynn Boling. There's a Memorandum in the file dated 5/3/04 from USPC Attorney Posch to Administrator Husk pointing out some of the new information and asking if Mr. Husk knew about that information at the time of 12/3/03 hearing. Mr. Husk responded with a memorandum dated 5/13/04 explaining that some very important information was not available to him at the time he conducted the hearing. Ultimately, a NOA was ordered 6/5/04 reopening the case and ordering this Special Reconsideration Hearing.

There's a Memorandum dated 7/13/04 from Examiner Kostbar prepared after he attempted to hold a hearing on that date at USP Leavenworth. That Memorandum from Examiner Kostbar details a personal interview he had with subject's former wife, Lynn Boling. Ms. Boling explained in details the assaults she suffered at the hands of this subject. The memo also explains that subject did not want to have his hearing and he did not want Examiner Kostbar to play the tape for him that contained Ms. Boling's statement (Lynn Boling had given her permission to disclose the verbal presentation that had been taped).

There's a Memorandum dated 9/22/04 that was prepared by Examiner Robertson after he attempted to conduct the hearing at USP Leavenworth on that same date. Again, subject did not want to have his hearing.

The subject was placed on the November 2004 docket for the ordered Special Reconsideration Hearing. Prior to the week of the hearing there was considerable activity related to disclosure. Copies of emails between Case Manager Gray at USP Leavenworth and USPC Attorney Posch show that subject refused to listen to the tape containing the statement of his former wife Lynn Boling. He also refused to review other printed documents that had been provided for disclosure. The subject stated that he would handle the disclosure only in the company of his attorney.

Subject was receiving legal assistance from Attorney Jean Phillips. Attorney Phillips did appear with subject at earlier attempts to conduct a hearing. She also made numerous attempts to arrange meetings with this subject at USP Leavenworth to accomplish disclosure prior to this hearing. The subject apparently was very uncooperative with Attorney Phillips. There is a copy of a message from Ms. Phillips to Case Manager Gray, which includes the statement "...but due to your irreconcilable differences between the project and Mr. Boling we have terminated our representation of Mr. Boling and will not be representing him at the hearing".

As stated above, when the time came for the hearing on 11/30/04, subject refused to attend the hearing.

After reading the documents made available with this summary one can see that this subject likely poses a serious threat to his former wife, Lynn Boling. The situation is much more serious than the USPC understood when the hearing was conducted 12/3/03. There will be more information on this subject presented in the Evaluation Section.

**Codefendants:** None.

**Representative & Representative's Statement:** None.

**Prisoner's Statement:** None – subject refused to attend the hearing.

**Discipline:** None.

**Program Achievement:** None known.

**Release Plans:** Unknown.

**Guideline Parameters, Evaluation & Recommendation**

**Evaluation:** Following the hearing on 12/3/03 the subject was granted a presumptive parole for 4/9/05. The parole violation behavior was rated Category Five because it involved assault with a weapon (walking cane), the SFS was set at 5, which produced guidelines of 48-60 months. The decision to parole 1 year above the guidelines was justified on the NOA dated 12/19/03 by pointing out that subject was considered a more serious risk than indicated by his guidelines. He has a prior history of felony violence that includes convictions for Sodomy, Assault with a Dangerous Weapon in 1975 and armed Robbery in 1983. Within 2 months of parole from these sentences he committed a Felony Assault on a female victim (his wife at the time, Lynn Boling). His continued involvement in violent behavior was considered an indicator that he was a much more serious risk to the community.

There are many important documents in the file to consider in this case. However, the most important documents include the summary of victim Lynn Boling's statement and close behind that an importance are the letters from victim advocate Deirdre Smith in the Office of the US Attorney, District of Columbia dated 2/25/00 and 7/26/04. Additionally, a letter from Interval House Advocacy Program Director Jennifer Lopez dated 7/15/04. When one considers the chilling account of the assaults suffered by Ms. Boling and the letters from these professionals in the field of Domestic Violence, it is easy to draw the conclusion that Ms. Boling would likely be in serious danger if this subject were in the community. Ms. Smith's letter of 2/25/00 has been summarized in some detail in the Prehearing Assessment prepared by Examiner Price on 6/7/04. The letter from Program Director Lopez was written 7/15/04. Ms. Lopez indicates in her letter that she believes subject is obsessed with Ms. Boling and if given the opportunity he would harm her again. Ms. Lopez cites his prior criminal history and his very violent behavior. Ms. Smith's letter rates subject as "an extremely dangerous batterer".

The main question in this case is how long should this subject be incarcerated to sufficiently reduce the risk that he will assault or kill his former wife. Obviously, there is no certain way to answer such a question. This examiner is recommending that an additional 5 years be added to the prison time already ordered. That will require total service of 11 years. It would be wise to request an updated psychological evaluation prior to the release date and it will be beneficial to carefully consider subject's participation in future Statutory Interim Hearings. The federal reparole guidelines will apply in his case at the 2003 hearing so that he will be entitled to Interim Hearings every 2 years.

**Recommendation:** Void the NOA dated 12/19/03 as it relates to presumptive parole 4/9/05 after service of 72 months. Continue to a presumptive parole 4/9/2010 after service of 132 months.

**Conditions:** Special Drug Aftercare, Special Mental Health Aftercare to include Anger Management Counseling and the Non Standard Special Condition – You are to have no Contact of Any Kind with Your Former Wife Lynn Boling.

**Statutory Interim Hearing:** November 2006.

**Guideline Use:** A decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that you have a prior history of felony violence as evidenced by convictions for Sodomy and Assault with a Dangerous Weapon in 1975 and Armed Robbery in 1983. While on parole for these two sentences, within the first 2 months, you committed another Felony Assault on a female victim. Your continued involvement in felony violence while on parole for prior crimes of violence makes you a more serious risk to return to violent criminal activity when released again to the community. Also, additional adverse information was found in your case file subsequent to your hearing on 12/3/03 which shows the violent attacks

on your former wife were much more serious than previously thought. It is likely that you would pose a serious risk to her if you were to be released into the community anytime in the near future.

**Additional Text:** None.

**Executive Reviewer's Comments:** Kostbar – 12/20/04 –

I agree with Examiner Haworth to a point. However, I disagree with him regarding awarding the subject a parole date at any foreseeable date. The subject has exhibited a violent history toward the victim and her family.

While we rated the offense severity a category five for the revocation behavior based upon the one assault with a cane (upon which we had little information at the time), the testimony of the victim suggests that he had engaged in other assaults that rose to the level of attempted murder, but were not part of the warrant application.

The victim reported that our subject has twice attempted to strangle her and she fought him off or she believes she would have otherwise been killed. She also reports that he has threatened to kill her and her family.

The subject has refused to participate in the "reopen" hearing process and has refused to listen to the tape of the victim relative to disclosure. He has had an attorney but due to conflict with the attorney, no longer has an attorney.

Examiner Haworth desires to reparole the subject after 132 months, which is above the gl's (40-60 months) for the Category Five behavior listed on the warrant application. I disagree. I believe this person is of extreme risk to the victim and the victim's family if he is every released on this term. His revocation behavior involved stalking and he has exhibited obsessive traits relative to the victim.

I believe that the subject should be continued to a 15 year reconsideration hearing (4/2014)

Note – The subject cannot "waive" this type of hearing. Thus, in spite of the fact that he has refused to appear repeatedly, the hearing has been appropriately held. The subject was told his hearing would be held in his absence but he refused to attend.

RECOMMENDATION –

VOID THE NOTICE OF ACTION DATED 12/19/03 AS IT RELATES TO PRESUMPTIVE PAROLE 4/9/05 AFTER SERVICE OF 72 MONTHS. CONTINUE TO A 15 YEAR RECONSIDERATION HEARING, APRIL, 2014.

SIH – 11/2006

GUIDEINE USE: A DECISION ABOVE THE GUIDELINES IS WARRANTED AS YOU ARE A MORE SERIOUS RISK THAN INDICATED BY THE GUIDELINES DUE TO A PRIOR HISTORY OF FELONY VIOLENCE AS EVIDENCED BY YOUR CONVICTIONS FOR SODOMY AND ASSAULT WITH A DANGEROUS WEAPON IN 1975 AND ARMED ROBBERY IN 1983. YOUR CURRENT VIOLATION BEHAVIOR INVOLVED ASSAULT WITH A CANE ON A FEMALE VICTIM WITHIN 2 MONTHS OF YOUR RELEASE. ALSO, ADDITIONAL ADVERSE INFORMATION WAS FOUND IN YOUR CASE

FILE SUBSEQUENT TO YOUR HEARING ON 12/3/03, WHICH SHOWS THE VIOLENT ATTACKS ON YOUR FORMER WIFE/VICTIM WERE MUCH MORE SERIOUS THAN PREVIOUSLY THOUGHT. YOUR VIOLATION BEHAVIOR IS AGGRAVATED BY TESTIMONY OF YOUR FORMER WIFE TO THE COMMISSION ON 7/13/04 ~~INDICATES~~ THAT YOU HAVE THREATENED TO KILL HER AS WELL AS HER ENTIRE FAMILY. FURTHER, THE VICTIM REPORTS THAT YOU TWICE TRIED TO STRANGLE HER AND SHE BELIEVED YOU INTENDED TO MURDER HER BUT DUE TO HER STRUGGLE, SHE WAS ABLE TO SURVIVE. THE COMMISSION BELIEVES THAT IF YOU ARE RELEASED ON THIS TERM YOU WOULD POSE A SERIOUS RISK TO THE VICTIM AND HER FAMILY.

JRH/PAH
December 5, 2004
Addendum by S. Husk (12/20/04): I agree with Examiner Kostbar that the Commission should not establish a release date for this offender. In my opinion, he continues to pose a significant risk to kill or seriously injure Ms. Lynn Boling. Thus, I do not favor establishing a presumptive release date. Note, however, that Mr. Kostbar used 4/2014 as the 15 year reconsideration date as this was 15 years from the date that his parole was revoked by the DC Board of Parole. Boling did not appear at a USPC hearing until 12/2003. Thus, the appropriate date of the 15 year reconsideration date is 12/2018. He will be scheduled for interim hearings every 24 months.