UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

OLIVER M. BOLING,

    Petitioner

v.

WARDEN J. SMITH, ET AL.,

    Respondents

CIVIL NO. 3:CV-05-0918

(Judge Kosik)

## ORDER

NOW, THIS 13th DAY OF OCTOBER, 2005, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is denied.

2. The Clerk of Court is directed to close this case.

                s/Edwin M. Kosik
                United States District Judge



UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

cc: USPC
DCP/AL-E

OLIVER M. BOLING,      :
                       :
    Petitioner         :
                       :
v.                     :   CIVIL NO. 3:CV-05-0918
                       :
WARDEN J. SMITH, ET AL.,  :   (Judge Kosik)
                       :
    Respondents        :

## MEMORANDUM

### Introduction

Oliver M. Boling, a District of Columbia parole violator, filed this petition for writ of habeas corpus on May 5, 2005, pursuant to 28 U.S.C. § 2241. He has paid the required filing fee in this matter. Boling is currently confined at the United States Penitentiary at Lewisburg, Pennsylvania. In the petition Boling challenges a parole violator warrant issued by the District of Columbia (D.C.) Board of Parole (Board). Specifically, he contends that the warrant did not state the parole violation charge, it was not properly signed by a judicial officer, and he was denied due process with regard to the warrant. Boling also contends that the warrant was not properly served upon him. For the reasons that follow, the petition will be denied.

### Background

Boling was originally sentenced by the D.C. Superior Court in 1977 to a term of imprisonment of 71 years and 6 months on charges of sodomy and assault with a deadly

weapon. (Doc. 12, Ex. 1.) He was paroled from this sentence by D.C. Parole Board order dated July 27, 1998. (Id., Ex. 2.) The parole was later revoked on July 5, 2000, for conduct which included failing to obey all laws and traveling out of the approved limits. (Id., Ex. 3.) The Board ordered that Boling be considered for reparole by February 7, 2003.

Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111Stat. 712, 745 (eff. August 5, 1998); D.C. Code §24-131, Boling was transferred to the jurisdiction of the United States Parole Commission.[1] The Commission conducted a reconsideration hearing on December 3, 2003, and ordered that Boling serve to a presumptive reparole after 72 months, on April 9, 2005. (Id., Ex. 4.) On December 19, 2003, a Notice of Action was issued to this effect. (Id., Ex. 5.)

The Commission ordered Boling's case reopened on June 5, 2004, due to the discovery of "significant adverse information in [his] file that was not considered in making the decision" to reparole him after 72 months. (Id., Ex. 6, Notice of Action.) Although a special reconsideration hearing was ordered by the Commission, Boling chose to waive parole consideration. The hearing was continued by the Commission in that Boling could not waive a hearing ordered by the Commission pursuant to 28 C.F.R. §2.28(f). (Id., Exs. 7, 8.)

---

[1] Pursuant to this Act, the U.S. Parole Commission exercises authority over District of Columbia Code offenders. The decision to revoke parole is governed by D.C. Code 24-406(a), see 28 C.F.R. 2.105(b), which confers discretion on the Commission in making the decision.

2

A special reconsideration hearing was subsequently conducted on November 30, 2004. The Notice of Action previously issued in December of 2003 was voided[2], and it was ordered that Boling serve to a 15 year reconsideration hearing in December 2018. (Id., Exs. 10, 11.)

In this action, Boling challenges the underlying warrant issued by the D.C. Parole Board in April of 1999 which led to the ultimate revocation of his parole. A copy of the warrant is contained in the record along with the Statement of Alleged Parole Violations. (Id., Exs. 12, 13.) He requests the court to declare the warrant invalid and order his release.

## Discussion

### A. Failure of warrant to contain charges on its face/to specifically inform

One of the main arguments set forth by Boling in his petition is that the parole violator warrant did not specify the charges against him, and therefore should be deemed invalid. In support of his argument he points to various statutory sections. The court finds each of his arguments to be unavailing. He relies on 18 U.S.C. § 4213 and D.C. Code § 23-561. 18 U.S.C. § 4213 is a federal statute applicable to federal inmates. Boling, however, is a D.C. Code inmate. The Revitalization Act provides that the U.S. Parole Commission makes decisions regarding D.C. Code offenders like Boling pursuant to the parole laws of the District of Columbia, not the federal parole statute. See D.C. Code § 24-131(c).

Further, Boling's attempt to rely on 28 C.F.R. § 2.46 is not convincing. This regulation deals with federal parole violation warrants. The warrant in the instant case was issued by the

---

[2] This was the Notice that ordered Boling to serve to a presumptive reparole after 72 months, April 9, 2005.

3

D.C. Parole Board.

Boling fares no better with regard to his citation to D.C. Code § 23-561. This statute speaks of <u>arrest</u> warrants in requiring a sworn complaint which states facts constituting an offense, the establishing probable cause and the signature of a judicial officer who has jurisdiction <u>for trial or preliminary examination</u>. (emphasis added.) Boling is a parolee, not an arrestee. The authority to issue a parole warrant is found in D.C. Code § 24-405 entitled "Arrest for violation of parole." This section provides as follows:

> If the Board of Parole, or any member thereof, shall have reliable information that a prisoner has violated his parole, said Board, or any member thereof, at any time within the term of terms of the prisoner's sentence, may issue a warrant to any officer hereinafter authorized to execute the same for the retaking of such prisoner. Any officer of the District of Columbia penal institutions, any officer or designated civilian employee of the Metropolitan Police Department of the District of Columbia, or any federal officer authorized to serve criminal process with the United States to whom such warrant shall be delivered is authorized and required to execute such warrant by taking the prisoner and returning or removing him to the penal institution of the District of Columbia from which he was paroled or to such penal or correctional institution as may be designated by the Attorney General of the United States.

D.C. Code § 24-205.

A review of this section reveals no requirement that the warrant contain on its face the violations charged. In fact, the D.C. Board put the charges in a separate document entitled the "Statement of Alleged Parole Violations." (Doc. 12, Ex. 13.) Boling's argument with regard to the signature of the person issuing the warrant is also without merit. The above section

4

provides that any member of the Board may issue the warrant. In the instant case, the warrant was signed by Michael Greene, a member of the D.C. Parole Board.

### B.    D.C. Board's jurisdiction to issue warrant

While Boling contests the D.C. Board's authority to issue the instant warrant, his claim is without merit. The transfer of jurisdiction over D.C. offenders from the D.C. Board to the United States Parole Commission occurred in stages. The transfer of authority to grant and deny parole and impose conditions of parole became effective August 5, 1998. The transfer of authority to revoke parole, issue warrants and other remaining powers, duties and jurisdiction to the Parole Commission did not occur until August 5, 2000. The regulations reflect the Commission's jurisdiction over initial hearing beginning in August of 1998, but the continuing jurisdiction of the D.C. Board over revocation until August of 2000. Compare 28 C.F.R. § 2.80(a)(4) with § 2.98(g). It is clear that the D.C. Board had not yet transferred jurisdiction over Boling in 1999 as evidenced by their issuance of the warrant and conducting of a revocation hearing.

### C.    Lack of prejudice due to any alleged procedural defects

Other claims contained in Boling's petition amount to a contention that he was prejudiced by procedural defects with regard to the parole violator warrant. It is established that prejudice must be established by a habeas corpus petitioner to obtain relief due to an alleged procedural defect. Specifically, any technical error which does not in any way prejudice the prisoner does not serve to void the warrant. See Hammons v. Sheriff of Jefferson County,

5

Texas, 901 F.2d 59, 60 (5th Cir. 1990). It has been held over and again that a warrant issued by a parole officer is not to be judged at the same high standards and "level of accuracy and specificity of notice" as required in a criminal prosecution. See generally Perry v. United States, 831 F.2d 811, 813 (8th Cir. 1987), cert. denied, 485 U.S. 963 (1988); Martieau v. Perrin, 601 F.2d 1201, 1205 (1st Cir. 1977).

In the instant case, Boling contests service and also argues that he was unable to prepare a defense or gather facts. (Doc. 1, Petition at 4.) However, the records reveals that Boling was not at all prejudiced in his efforts to defend against the parole revocation. He appeared at his revocation hearing with counsel and never requested a continuance to prepare his defense. (Doc. 12, Ex. 3.) During the hearing, he did present a defense of being lured to out of state. Thus, even if there existed procedural defects in the warrant, no prejudice resulted to Boling. To the extent Boling claims that he was not given notice on the warrant that his street time on parole was subject to forfeiture, his argument is also without merit. As a D.C. offender, his street time will be required by statute to be forfeited if his parole is revoked. D.C. Code § 24-206(a); See U.S. Parole Comm'n v. Noble, 693 A.2d 1084, 1085 (D.C. 1997), aff'd en banc, 711 A.2d 85 (D.C. 1998). As such, Boling cannot demonstrate he was prejudiced by the lack of notice that his street time was subject to forfeiture in that forfeiture is mandatory under the statute.

For the above reasons, the instant petition for writ of habeas corpus will be denied. An appropriate Order follows.