UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 0 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OLIVER BOLING-BEY,

    Plaintiff,

v.

US. PAROLE COMMISSION, et al.,

    Defendants.

Civil Action No. 05-1732 (JDB)

## ORDER

Plaintiff, proceeding *pro se*, brought this action alleging violations of his constitutional rights by employees of the Bureau of Prisons ("BOP") and the United States Parole Commission ("Parole Commission"). The complaint names the employees as defendants in their official and individual capacities. Defendants have filed a motion to dismiss or transfer the case. Plaintiff's response is due March 2, 2006.

Pending before the Court are plaintiff's motion for the appointment of counsel and an order directing the Bureau of Prisons to not interfere with plaintiff's mail, and defendants' motion to stay discovery. Because plaintiff has been granted leave to proceed *in forma pauperis*, the Court may ask an attorney to represent him. 28 U.S.C. §1915(e)(1). In making such a determination, the Court should take into account:

    (i)    the nature and complexity of the action;
    (ii)   the potential merit of the *pro se* party's claims;
    (iii)  the demonstrated inability of the *pro se* party to retain counsel by other means; and
    (iv)  the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Local Rule 83.11(b)(3).

It is too early in the litigation to determine whether counsel should be appointed. The Court's resolution of defendants' motion may well dispose of the case. Moreover, plaintiff is not entitled as of right to counsel in a civil case. There are not enough members of the Civil Pro Bono Panel to appoint counsel in each case. Upon consideration of the factors listed in Local Rule 83.11, the Court will deny the motion for appointment of counsel.

Plaintiff's also alleges that the BOP is interfering with his mail. Plaintiff has not offered any evidence to support this assertion. The docket sheet indicates that plaintiff has received all of the documents and has responded to those requiring his attention. In the absence of proof to the contrary, the Court will presume that the BOP is complying with the law.

Defendant moves to stay discovery because a dispositive motion is pending and the individually-named federal employees have asserted the defense of qualified immunity. The decision whether to stay discovery is within the sound discretion of the district court. *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990). Staying discovery is appropriate pending disposition of a dispositive motion. *Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004)(citation omitted). In addition, when a public official raises an immunity defense, discovery should not be permitted prior to resolving that issue. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Accordingly, it is

**ORDERED** that plaintiff's motion for appointment of counsel and for an order directing the Bureau of Prisons not to interfere with his mail [Dkt.# 22] is **denied without prejudice**. It is

      **FURTHER ORDERED** that defendants' motion to stay discovery [Dkt.# 19] is **GRANTED**.

It is

      **FURTHER ORDERED** that discovery is stayed in this matter pending a further order of this Court.

                                          _____
                                              JOHN D. BATES
                                          United States District Judge

Dated: February 3, 2006