UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OLIVER BOLING-BEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Civil Action No. 05-1732 (JDB) |
| v. ) | (ECF) |
| ) | |
| U.S. PAROLE COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Federal defendants, the U.S. Parole Commission and its employees Pamela Posch, Samuel Robertson, and Jeffrey Kostbar, as well as the Federal Bureau of Prisons and its employees, Albert Wilson and Michael Gray,[1] by and through their undersigned counsel, respectfully submit a Reply in support of Defendants' Motion to Dismiss or in the Alternative, To Transfer. ("Def's. Motion").

Plaintiff's opposition, in summary, argues that defendants' motion to dismiss is "inopposite to plaintiff's complaint." See Complaint. In fact, defendants note that plaintiff's opposition spans 69 pages and includes two separate 48-page exhibits, resulting in a grand total of 165 pages. Plaintiff has filed his opposition in violation of the page limitations established by the Local Rules for the U.S. District Court for the District of Columbia and has done so without prior approval of the Court.

---

[1] Defendants Posch, Kostbar, Robertson, Wilson, and Gray appear in their official capacities only. They have not been served personally and, hence are not parties in their personal capacity at this time; consequently, defendants should be deemed to preserve all defenses available to them, including insufficiency of service of process and immunity from suit.

LCvR 7(e) states as follows:

A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply shall not exceed 25 pages, without prior approval of the court.  Documents that fail to comply with this provision shall not be filed by the Clerk.

Although *pro se* pleadings are to be read liberally, a *pro se* litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure.  See Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987); Ficken v. Golden, No. Civ.A. 04-0350(RMU), WL 692019 (D.D.C. Mar. 24, 2005).  Notwithstanding plaintiff's blatant violation of the rules, defendants will not file a Motion to Strike the pleading.

Despite the length of plaintiff's opposition, the fact still remains that plaintiff has merely reiterated, at length, his previously stated factual allegations against defendants without providing any basis to rebut defendants' arguments that his complaint suffers from numerous fatal deficiencies.  This Court need look no further into this complaint before determining it ripe for dismissal based on the deficiencies stated below.

**A.    This Court Lacks Personal Jurisdiction Over the Individual Defendants**

Plaintiff has not provided any basis that would grant this court personal jurisdiction over the individual defendants.  This Court can only assert personal jurisdiction over the individual defendants if permitted under District of Columbia law.  Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987).  As fully explained in Defendants' Motion to Dismiss, the District of Columbia long-arm statute and the Due Process Clause requirements are not met in this case for any of the defendants.

Because Bivens suits are brought against government officials in their individual, rather than official capacities, personal jurisdiction over the individual defendants is required to

maintain a Bivens claim.  See Robertson v. Merola, 895 F. Supp. 1, 3 (D.D.C. 1995); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995), aff'd, 93 F.3d 986 (D.C. Cir. 1996).

In the instant case, plaintiff's complaint and opposition do not establish proper personal jurisdiction in the United States District Court for the District of Columbia under the long-arm statute, D. C. Code § 13-423.  Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987).  The defendants are obviously outside the "long arm" of this statute.  They do not reside in the District of Columbia, they have not transacted business in the District of Columbia, they have not contracted to supply services in the District of Columbia, and they have not caused any tortious injury in the District of Columbia.  Therefore, there is no basis for this Court to assert personal jurisdiction over any of the defendants.

> B.  **Plaintiff Has Not Perfected Service Against the Individual Federal Defendants**

None of the individual defendants in this action were properly served with the complaint in accordance with the rules applicable to individual defendants.  Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997).; see also Declaration of Pamela Posch ¶ 1, Declaration of Samuel Robertson ¶ 1, and Declaration of Jeffrey Kostbar ¶2.  Because Bivens suits are suits against government officials in their individual, rather than their official capacities, personal jurisdiction over the individual defendants is a necessary prerequisite for this Court to entertain a Bivens claim against them.  See Deutsch v. U.S. Dept. of Justice, 881 F. Supp. at 52; Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997).  It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in

accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980).

In this case, plaintiff served the individual defendants at their place of employment, not with someone authorized to accept service for them in their individual capacities. Service at the defendants' place of employment is not proper service against an individually-named defendant. Although Plaintiff is proceeding *pro se* and *in forma pauperis*, the U.S. Marshal technically should have proceeded under Rule 4(d)(1) and effected personal service on the defendants. Pollack v. Meese, 737 F. Supp. 663, 666-667 (D.D.C.1990). Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants should be dismissed.

      **C.**    **The Case Must Be Dismissed or Transferred for Improper Venue**

Plaintiff has provided no evidence that any of the federal defendants reside in the District of Columbia, none of the events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C.

1996). Plaintiff's complaint involves allegations related to actions that took place in Kansas, not in the District of Columbia. This case should therefore be dismissed under Rule 12(b)(3), Federal Rules of Civil Procedure.

### D.     U.S. Parole Commission Defendants Are Entitled to Absolute Immunity

Defendants Posch, Robertson, and Kostbar are all entitled to absolute immunity for any role they allegedly had in plaintiff's parole hearings. Doyle v. Camelot Care Ctrs., Inc., 305 F.3d 603, 622 (7th Cir. 2002) ("the scheduling of parole hearings constituted a judicial function subject to absolute immunity") (citing Thompson v. Duke, 882 F.2d 1180, 1184-85 (7th Cir. 1989)). See also Pate v. United States, 277 F. Supp. 2d 1, 8-11 (D.D.C. 2003).

Parole officials, including Commissioners, are absolutely immune from suit for their actions in parole-making decisions. Sellars v. Procunier, 691 F. 2d 1291 (9th Cir.), cert. denied, 454 U.S. 1102 (1981) (absolute immunity for Parole Board member); Walker v. Prisoner Review Board, 769 F.2d 396, 398 (7th Cir. 1985), cert. denied, 474 U.S. 1065 (1986).

### E.     All Other Defendants Are Entitled to Qualified Immunity

Plaintiff is seeking monetary damages against the individual defendants. Qualified immunity, however, shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In his opposition, plaintiff attempts to provide the court with case law regarding qualified immunity. Plaintiff fails, however, to provide any evidence that defendants violated a clearly established constitutional or statutory right of which a reasonable person would have known.

**Conclusion**

Because venue in this court is improper, the Court lacks personal jurisdiction over any of the individual defendants, and defendants have not been properly served in their individual capacities, the Court should dismiss this action due to fatal procedural flaws. Plaintiff has presented no evidence to overcome the numerous deficiencies in his complaint.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

_____I certify that on the 7th day of April, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

Oliver Boling-Bey
Reg. No. 36688-118
Lewisburg USP, F Unit
P.O. Box 1000
Lewisburg, PA 17837

                                                         \_\_\_\_/s/_____
                                                         John F. Henault
                                                         Assistant United States Attorney