UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Leave to file GRANTED

*/s/ John D. Bates 4/21/06*
John D. Bates
United States District Judge

Oliver Boling-Bey
    Plaintiff,

    v.

Civil Action No. 05-1732
J.D.B.

U.S. Parole Commission, et al.,
    Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY MOTION FOR DISMISS

    Defendants U.S. Parole Commission and the Federal Bureau of Prisons seem to now argue "new" reasons to have plaintiff's complaint dismissed abandoning their original reasons. The Defendants bemoan that:

    1. Plaintiff have a grand total of 165 pages.

    2. Plaintiff blatantly violating the rules.

    3. Complaint have deficiencies.

    4. Re-argument on Personal Jurisdiction.

    5. Desiring to transfer case to venue where

    6. Re-argument on no perfected service.

Plaintiff Oliver Boling-Bey submit the following facts in opposition of Defendants' new and old list of appear to be reasons, to dismiss complaint.

    1. **Page numbers and Plaintiff**

    2. **Blatant Violation of rules**

Defendants pointed out in their reply motion to dismiss that plaintiff had a total of 165 pages and blatantly violated the rule citing [CVR 7(e)] states a memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and reply shall not exceed 25 pages without prior approval by the Court.

Defendants are obviously grabbing for straws for failure to <u>support</u> any reason for the Court to dismiss plaintiff's claim. Defendants submitted 115 total pages in <u>violation</u> of the <u>same</u> <u>rule</u> that, they claim plaintiff violated.

Defendants violated in <u>addition</u>, Rule 12(b)(6) that <u>forbids</u> the "attachments" of affidavits or other evidence contesting allegations in plaintiff's complaint, if they do this Court should either exclude the [71] pages of exhibits the defendants submitted or convert the motion into Rule 56 motion for summary judgement Fed.R.Civ.P 12(b). See <u>United States v. Gaubert</u>, 499 U.S. 315, 327 (1991) And summary judgement is appropriate on plaintiff's behalf on his verified facts.

Plaintiff is a pro se litigant and the Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) said that in considering a motion to dismiss a pro se complaint should be held to "less strict" standards than a motion drafted by a lawyer. Plaintiff did not blatantly violate the rule of this Court, defendants view is unreasonable. See <u>Haines v. Kerner</u>, 404 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1972).

3. Complaint have Deficiencies

Defendants now for the <u>first</u> <u>time</u> claim there are

deficiencies in plaintiff's complaint, however defendants have <u>not pointed</u> out a <u>single</u> deficiency and such claim is without merit.

    4.    The Court lacks Personal Jurisdiction (Re-argument)

Defendants are being redundant, this argument is not muddy in this case, in the recent case of <u>Fletcher v. District of Columbia</u>, 370 F.3d 1223 (D.C. Cir. 2004) this Court stated that 28 U.S.C. § 1331(a) gives the District Court jurisdiction of <u>all</u> Civil Actions under the Constitution, laws or treaties or "District of Columbia" <u>including</u> "any" act of Congress applicable <u>"exclusively"</u> to the District of Columbia because the Revitalization Act is such a "Statue" that Venue in the District of Columbia in a § 1983 Action <u>"authorize"</u> Jurisdiction [over a D.C. Code offender]. And plaintiff is a <u>D.C. Code Offender</u> under the Revitalization being housed by the Federal Bureau of Prison. Additionally plaintiff's complaint is a § 1983 action."

    5. Transferred for Improper Venue.

Defendants appear to suggest that the District of Columbia is not the proper venue and that Kansas is the venue, defendants further suggest that the actions occurred in Kansas. This is incorrect the decisions that were made to lock plaintiff in the "hole" came from Federal Bureau of Prisons located in D.C. and were the impetus for the retaliation. See <u>Kimberlin v. Quilan</u>, 774 F.Supp. 1, 9-10 (D.C. 1991). The decisions made by defendant Posch, Kostbar, Robertson took place at the Chevey

Chase Md. main office were the impetus for the Civil Right Violations and the District of Columbia is the proper venue. See Cohen v. U.S.Dept. of Air Force, 707 F.Supp. 12. [None of the defendants live in Leavenworth Kansas].

Qualified Immunity
Absolute Immunity
(Re-argument)

Defendants attempts to "re-shape" its argument that they are entitled to Qualified Immunity and Absolute Immunity. Plaintiff's complaint is a § 1983, §1985(2)(3) 1986 —— "not Bivens action". The U.S. District of Columbia Court of Appeals stated there were no barriers preventing a section 1983 suit, in Flecther v. District of Columbia, 370 F.3d 1223 (D.c. Cir. 2004) the Court said, "actions taken by the commission pursuant to the D.C. Revitalization Act. Section [1983] provides for recovery against "any peron" who deprives the plaintiff of a Constitutional Right under the Color of [a] my statue . . . of any State or territory or the District of Columbia "including any act Congress make applicable "exclusively" to the District of Columbia. 42 U.S. C. § 1983. Because the D.C. Revitalization Act is such a statue, we have no doubt the defendants members of the United States Parole Commission are amendable to suit under § 1983 for actions taken pursuant to that act. Thus Qualified or absolute immunity do not shield defendants form suit under this provision.

  6. Re-argument, failure to perfect service on Defendants.

Defendants again has continue to harp on the "false"

notion that defendants were not properly served. And that the "officers of the Court" who in a [forma pauperis case] issue and serve all process, and perform all duties in accordance to 28 U.S.C. § 1915(c) are somehow negligent in their duties. This is preposterous, the officers of this Court has performed their duties, and the Court records reflect service of process, the break down is reflective of defendants' arrogance and that defendants essentially can say and do whatever it wants. "The defendants failed to respond in their individual capacity and defendant Albert Wilson and Mike Gay has failed to respond in their official capacity also." Be it as it may, plaintiff cannot be penalized for failure to effect service where it failed through no fault of his own". See Welch v. Folson, 925 F.2d 666, 669-70 (3rd. Cir. 1990); Prett v. Bland Ford, 895 F.2d 630, 635 (9th Cir. 1990). And thus plaintiff's complaint must not be dismissed. See Young v. Quinlan, 960 F.2d 351 (3rd Cir. 1992).

## CONCLUSION

For the enclosed foregoing reasons and the entire record in this case defendants' reply motion to dismiss is ripe for denial and that this case should proceed further.

Respectfully submitted

*Oliver Boling-Bey*
Oliver Boling-Bey
No. 36688-118
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

5

I *Oliver Boling-Bey*, swear under the penalty of perjury the foregoing is true and correct this 13th day of April, 2006.

### CERTIFICATE OF SERVICE

I certify that on the 13th day of April I served a copy of the foregoing by first class mail postage prepaid on U.S. Attorney John F. Henault, 555 4th Street N.W. Washington, D.C. 20530.

(28 U.S.C. §1746)

*Oliver Boling-Bey*
Oliver Boling-Bey
30688-118

6